37014.   FARR *v.* BARNES FREIGHT LINES, INC.

DECIDED JANUARY 28, 1958.

Otis L. Davis, Paul Webb, Jr., Bertram S. Boley, for plaintiff in error.

Lokey & Bowden, Charles M. Lokey, contra.

QUILLIAN, Judge. 1. The nature and character of the services to be performed, the place of employment and the amount of compensation to be paid therefor are all essential elements of an employment contract and must be stated with sufficient definiteness to enable one to ascertain the intent of the parties as to these vital features of the contract. *Mosteller* v. *Mashburn*, 64 *Ga. App.* 92, 96 (12 S. E. 2d 142). "If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement." 17 C. J. S. 359, § 31.

The defendant insists that the contract was void because the character of the plaintiff's duties was not definitely stipulated. The contract provided that plaintiff was "to do all work required of him." In *Weill* v. *Brown*, 197 *Ga.* 328, 333 (29 S. E. 2d 54), the Supreme Court in construing an employment contract pursuant to which services had been rendered, held a clause which provided: "The nature of the duties and the employment of second party, under this contract, shall be such as shall be assigned to him, from time to time during his term of said employment," was uncertain and indefinite. The clause ruled upon in that case being so similar in meaning to the phrase in question, we are constrained to hold that the contract is void for uncertainty and unenforceable. *Oliver Construction Co.* v. *Reeder*, 7 *Ga. App.* 276 (66 S. E. 955); *Chappell* v. *F.A.D. Andrea, Inc.*, 41 *Ga. App.* 413 (153 S. E. 218); *Henderson* v. *Curtis*, 57 *Ga. App.* 892 (197 S. E. 65); *Harrison* v. *Wilson Lumber Co.*, 119 *Ga.* 6 (45 S. E. 730); *Prior* v. *Hilton & Dodge Lumber Co.*, 141 *Ga.* 117 (80 S. E. 559); *Bankers Trust & Audit Co.* v. *Farmers & Merchants Bank*, 163 *Ga.* 352 (136 S. E. 143); *Pepsi-Cola Co.* v. *Wright*, 187 *Ga.* 723 (2 S. E. 2d 73).

While it is true that the petition alleges that the plaintiff has fully complied with the contract, in the *Brown* case services had

38

also been rendered pursuant to the employment contract. In ruling on that point the opinion states (p. 333): "We have examined the cases of *Brown* v. *Floding,* 173 *Ga.* 400 (160 S. E. 604), *Webb* v. *Pullman Co.,* 57 *Ga. App.* 776 (196 S. E. 477), and *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410), cited by the plaintiffs in error, and find nothing in them in conflict with the rulings here made. In those cases incomplete contracts were held to be binding on the theory that sufficiently definite offers and proposals had been made by one party and acted upon by the other party, so that the incomplete contract had been made complete by the act of performance. In the case now under consideration the offer or proposal is so indefinite as to make it impossible for courts to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there has been performance."

The contract being too uncertain for enforcement the judge did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*