35079. UPSHAW et al. v. FIRST STATE BANK.

HALL, Justice.

Appellants Lamar and Carolyn Upshaw signed on September 18, 1975, a "guaranty of payment" for a $14,400 loan from First State Bank to James Chaney. The guaranty agreement applied solely to the $14,400 loan and renewals of that loan, and the Upshaws' liability was limited to $4,000. The Upshaws also gave the bank a loan

deed to property as security for the guaranty of payment. After the initial loan, the bank on three separate occasions in 1975-1976 loaned $4,249.50 more to Chaney. In September 1976, Chaney executed a promissory note to the bank for $20,621.23, which represented a consolidation of all Chaney's indebtedness to the bank. The original $14,400 note was marked paid by renewal. Chaney defaulted, and the bank liquidated all the collateral pledged for the $20,621.23, reducing Chaney's outstanding indebtedness to $13,575.90. The bank then foreclosed on the land owned by the Upshaws, seeking to apply the proceeds from the sale to Chaney's indebtedness under the guaranty of payment. The Upshaws obtained a temporary restraining order to prevent the sale and requested a permanent injunction against the sale. The trial court denied the permanent injunction, and the Upshaws appealed. We reverse.

The Upshaws guaranteed payment of the $14,400 note to James Chaney and also consented to suit by the bank even if Chaney had not been sued or was not joined as a party. The Upshaws under Georgia law are sureties. *Broun v. Bank of Early,* 243 Ga. 319 (253 SE2d 755) (1978). Moreover, the Upshaws guaranteed payment of the note solely as an accommodation to Chaney and not for any profit flowing to themselves. The Upshaws are uncompensated sureties, entitled as members of a favored class to the protections of Title 103. *Houston General Ins. Co. v. Brock Const. Co.,* 241 Ga. 460 (246 SE2d 316) (1978).

Code Ann. § 103-202 protects the surety against changes in the contract between creditor and principal. In this case, the bank loaned Chaney additional sums which it then consolidated with the $14,400 for a new indebtedness of $20,621.23. The parties have stipulated that this action was taken without the knowledge or consent of the Upshaws. In the guaranty agreement, the Upshaws agreed to be sureties only for the original loan and any extensions or renewals of that loan. The $20,621.23 note represented a new indebtedness, which was a novation in the amount owed by the principal. This novation discharges the sureties. *Gilbert v. Cobb Exchange Bank,* 140 Ga. App. 574 (231 SE2d 508) (1976); Restatement of Security 340, § 128 (1941).

The bank contends that the sureties can not be discharged because the limitation of their liability to $4,000 protected them. We find this argument unpersuasive. First, this court has long held that any change, whether to the surety's benefit or detriment is a novation which discharges the surety. *Zellner v. Hall*, 210 Ga. 504 (5) (80 SE2d 787) (1954); *Jones v. Whitehead*, 4 Ga. 397, 401 (1848). Second, this particular novation probably increased the risk of Chaney's default and increased the risk that the Upshaws would be exposed to the extent of their limited liability. This unconsented increase in risk is an independent ground for discharge of a surety. Code Ann. § 103-203.

The bank has also cited *Dunlap v. C. & S. Nat. Bank*, 134 Ga. App. 893 (216 SE2d 651) (1975), as authority for the refusal to discharge a surety of limited liability when further extensions of credit are made to the principal. In *Dunlap*, the surety in the original agreement consented to liability for further extensions of credit. No such consent was given in this case, and the consolidation of the notes discharged the sureties.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Bowles and Marshall, JJ., who dissent.*

SUBMITTED JUNE 22, 1979 — DECIDED OCTOBER 11, 1979.

*Richard M. Cowart,* for appellants.
*Blackburn, Bright & Dodd, Oris D. Blackburn, Jr.,* for appellee.