A93A0522. SAWYER v. ROBERTS.
(432 SE2d 610)

BLACKBURN, Judge.

The appellant, Vera Sawyer, commenced this action against Dr.

---

Marc Roberts, asserting breach of a contract of employment. This appeal follows from the trial court's grant of summary judgment in favor of Dr. Roberts.

The record shows that on September 16, 1989, Dr. Roberts, a dentist, hired Sawyer as a dental hygienist for his dental practice. Sawyer prepared a written contract of employment for a three-year term, running from September 18, 1989, to September 18, 1992, which both parties executed. This contract provided the terms of Sawyer's remuneration, and that her work hours consisted of a "40 hours work week Monday thru Friday"; however, it was completely silent as to the nature of the services to be rendered, or the place of employment.

Dr. Roberts eventually terminated Sawyer's employment on January 4, 1990. When Sawyer commenced this action seeking to hold him liable for wrongful discharge, Dr. Roberts moved for summary judgment on the grounds that the purported written contract of employment was void for uncertainty and indefiniteness. On appeal from the trial court's grant of summary judgment for Dr. Roberts on that basis, Sawyer contends that parol evidence was admissible to supply any missing terms of the employment contract.

"The nature and character of the services to be performed, the place of employment and the amount of compensation to be paid therefor are all essential elements of an employment contract and must be stated with sufficient definiteness. . . ." *Farr v. Barnes Freight Lines,* 97 Ga. App. 36, 37 (101 SE2d 906) (1958). If an employment contract contains no description of the nature and character of the services to be performed, or where the performance is to occur, "[i]t is so indefinite and vague that it is unenforceable." *McTerry v. Free for All Missionary Baptist Church No. 1,* 129 Ga. App. 724 (200 SE2d 915) (1973). Parol evidence is not admissible to supply any missing essential elements of a contract required to be in writing by our statute of frauds. *Gatins v. NCR Corp.,* 180 Ga. App. 595, 597 (349 SE2d 818) (1986).

As noted above, the employment contract in the instant case was silent as to the nature of the services to be performed or the place of that performance. Further, the employment contract for a three-year term, being incapable of performance within one year of its making, was required to be in writing by the statute of frauds. OCGA § 13-5-30 (5). Accordingly, in view of the above authorities, the contract was unenforceable, and the trial court properly granted summary judgment for Dr. Roberts.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

*Goldstein & Redic, Dennis M. Redic,* for appellant.

*Gill, Peterson & Harris, Allen Harris, Kenneth W. Brosnahan,* for appellee.