## A99A0035. HOLY FELLOWSHIP CHURCH OF GOD IN CHRIST v. GREATER TRAVELERS REST BAPTIST CHURCH.
### (511 SE2d 280)

BARNES, Judge.

After foreclosing on a security deed executed in its favor, Greater Travelers Rest Baptist Church ("Greater Travelers") filed a dispossessory action against Holy Fellowship Church of God in Christ ("Holy Fellowship"). Holy Fellowship appeals from the trial court's order granting a writ of possession, contending that the trial court erred when it found that OCGA § 44-7-9 precluded Holy Fellowship from disputing Greater Travelers' ownership of the subject property. We agree and reverse the judgment of the trial court.

The record shows that Holy Fellowship's defense to the dispossessory action was based upon its claim that Greater Travelers no longer owned the property at the time it filed the dispossessory action. According to Holy Fellowship, Greater Travelers held a second mortgage on the property which was subordinate to a first mortgage jointly held by J. Mark Britain, Trustee, and Church Loans and Investment Trust ("Britain").[1] Thus, Holy Fellowship argues, Britain's foreclosure on the subject property three months after Greater Travelers' foreclosure divested Greater Travelers of any ownership interest in the subject property.

During a hearing held on February 25, 1998, Greater Travelers asserted that Holy Fellowship's "title" defense was not a valid defense based upon OCGA § 44-7-9, which provides: "The tenant may not dispute his landlord's title or attorn to another claimant while he is in actual physical occupation, while he is performing any active or passive act or taking any position whereby he expressly or impliedly recognizes his landlord's title, or while he is taking any position that is inconsistent with the position that the landlord's title is defective." Based upon a suit Holy Fellowship filed against Britain in another jurisdiction that contested Britain's right to foreclose on the property, the trial court found that Holy Fellowship had taken an inconsistent position and was therefore barred from contesting Greater

---

[1] Greater Travelers disputes this claim and asserts that it held a first mortgage on the property because its security deed was filed before Britain's security deed.

Travelers' title to the property. The trial court apparently granted a writ of possession to Greater Travelers based on this conclusion.

1. In this appeal, Holy Fellowship contends the trial court erred when it found OCGA § 44-7-9 barred its defense that Greater Travelers no longer owned the property at the time it filed the dispossessory action. We agree. "The defense of lack of landlord-tenant relationship is a proper defense to a dispossessory action; if the defendant so answers, a trial of the issues shall be had in a civil court of record." (Citations omitted.) *Bread of Life Baptist Church v. Price*, 194 Ga. App. 693-694 (392 SE2d 15) (1990). See also *Womack v. Columbus Rentals*, 223 Ga. App. 501, 503 (2) (a) (478 SE2d 611) (1996).

In *Raines v. Hindman*, 136 Ga. 450, 452-453 (71 SE 738) (1911), the Supreme Court of Georgia explained the difference between an improper defense based upon a defect in the original grant of title to the landlord and a legitimate defense based upon a later transfer of ownership or title by the landlord. "[O]ne who holds land rented from another will be estopped from claiming that at the time the property was rented the landlord did not have title thereto. This doctrine, however, can not be so extended as to prevent the tenant from showing that during the term of the tenancy the landlord's title expired by limitation, or that the same has been divested by judicial sale, or that the landlord has voluntarily parted with title during the tenancy. Showing that the landlord has . . . parted with title during the tenancy does not involve a dispute of the landlord's title at the time the contract for rent was made, but is an implied admission that the landlord had such title." Id.

In this case, Holy Fellowship does not dispute that Greater Travelers properly obtained title to the property when it purchased the property at a September 2, 1997 foreclosure sale. See *Womack v. Columbus Rentals*, supra at 503 (3); *Partin v. Southern Discount Co.*, 167 Ga. App. 798 (307 SE2d 697) (1983). Instead, it asserts that Greater Travelers lost title to the property when Britain subsequently purchased the property in a foreclosure sale held on December 2, 1997. See *Oakvale Road Assoc. v. Mortgage Recovery Fund &c.*, 231 Ga. App. 414, 417 (499 SE2d 404) (1998) (" 'It is the general rule that a sale under a regularly exercised power in a security deed or mortgage is equivalent to a foreclosure proceeding, and not only extinguishes the right of redemption, but divests all junior mortgages and other junior incumbrances on the property.' "); *Devin Lamplighter v. American Gen. Finance*, 206 Ga. App. 747 (426 SE2d 645) (1992). Thus, according to Holy Fellowship, the landlord-tenant relationship between itself and Greater Travelers no longer existed when Greater Travelers filed this dispossessory action on February 10, 1998.

This is a proper defense to a dispossessory action and Holy Fellowship is therefore entitled to a trial on the issue of whether a landlord-tenant relationship exists between the parties. See *Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 593 (2) (409 SE2d 71) (1991). As a result, we reverse the trial court's grant of a writ of possession to Greater Travelers.

2. We cannot consider the portion of Holy Fellowship's enumeration that relates to the trial court's April 15, 1998 order because this order was entered after Holy Fellowship filed a notice of appeal from the trial court's February 25, 1998 order. *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991).

*Judgment reversed. Beasley, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1999.

*Newton H. Purvis, John A. Pickens*, for appellant.
*Giddens, Davidson & Mitchell, Bobby L. Giddens*, for appellee.