A98A1931. WORKMAN v. SYSCO FOOD SERVICES OF ATLANTA.
(513 SE2d 523)

McMURRAY, Presiding Judge.

Plaintiff Sysco Food Services of Atlanta filed this action against ten related corporate, partnership, and individual parties seeking recovery on open accounts and personal guaranties. Defendant Workman appeals from a grant of summary judgment in favor of plaintiff which imposes liability upon her based upon six individual personal guaranties. *Held*:

Defendant Workman's second defense was that the guaranties "sued upon by Plaintiff do not specify the obligations guaranteed by this Defendant inasmuch as said Guaranties do not contain the name of the company for which the Guaranties would apply and are otherwise incomplete. Therefore, said Guaranties are null and void insofar as they impose liability upon this Defendant." Shortly prior to the entry of summary judgment in the case sub judice, this Court decided a case involving a similarly named plaintiff and very similar issues. As in the case sub judice, the individual personal guaranty sought to be enforced in *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460 (489 SE2d 568), omitted the name of the principal debtor and name of the person individually guaranteeing the indebtedness and left blank the

spaces provided for this information. This Court held that due to these omissions there was a failure to satisfy the requirements of the statute of frauds and that the guaranty was unenforceable.

The greater part of plaintiff's argument and citations of authority raise only issues considered in this Court's earlier decision. However, plaintiff does suggest three bases for factually distinguishing *Coleman.*

First, plaintiff maintains that Workman has deposed that it was her intent to guarantee the debt of the entities. This is a factual difference, since the *Coleman* defendant denied signing the individual personal guaranty, but not a material one since the authenticity of the signature is apparently assumed and plays no role in reaching the *Coleman* decision. Furthermore, we stated in *Coleman* that the rule enforced there is applicable even where the intent of the parties to create a binding guaranty agreement is manifestly obvious. Id. at 461.

Next, plaintiff argues that the documents in the present case differ from those in *Coleman.* Whether this is correct cannot be clearly determined. In both cases the "Terms Agreement" and "Individual Personal Guaranty" appear on the same paper, and the two sections do not incorporate each other by reference or use the same terms. In the present case, the two sections are on the same page, and on the reverse is a form referred to below as a credit application. The so-called credit application is not captioned as such but does contain questions appropriate for that purpose. In *Coleman* the documents attached to the complaint include one described as a new account form. We do not know whether the new account form and the credit application are one and the same, or whether all of the forms are identical. However, any difference has not been shown to be material.

In the case sub judice, on each of six documents identified as credit applications and in spaces labeled "ship to" are the names and addresses of the entities to which plaintiff provided goods and services. On the reverse side of these documents, along with the terms agreement forms, are individual personal guaranty forms signed by Workman. As in *Coleman,* on the guaranty forms signed by Workman the spaces provided for the name of the principal debtor and the name of the person individually guaranteeing the indebtedness are left blank. Just as in *Coleman,* the guaranty form does not incorporate by reference or use the same terms as any other form. Under *Coleman,* nothing may be inferred merely from the presence of another form on the same paper.

Finally, *Coleman* rests in part upon application of OCGA § 10-7-3. Plaintiff argues that Workman is a compensated surety and thus not entitled to the application of the extremely protective rule of

strictissimi juris set forth in that statute as explained in *Houston Gen. Ins. Co. v. Brock Constr. Co.*, 241 Ga. 460, 461 (1), 464 (2) (246 SE2d 316). However, plaintiff is incorrect in suggesting that Workman is a compensated surety. While Workman has ownership interests in the businesses which are the unnamed principal debtors and may have eventually derived some benefit from their success, the consideration for her signing the guaranties did not flow to her, but instead to the businesses. As an uncompensated surety, Workman was entitled to the protection of OCGA § 10-7-3. *Upshaw v. First State Bank*, 244 Ga. 433, 434 (260 SE2d 483).

In summation, we find the present case indistinguishable and controlled by the decision of this Court in *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, supra. The superior court erred in granting plaintiff's motion for summary judgment and in failing to grant summary judgment in favor of defendant Workman.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 5, 1999.

*Small, White & Marani, Gus H. Small, Jr.*, for appellant.
*Victoria J. Hoffman*, for appellee.