## A99A1945. RODEN ELECTRICAL SUPPLY, INC. v. FAULKNER.
### (524 SE2d 247)

McMURRAY, Presiding Judge.

Appellant-plaintiff Roden Electrical Supply, Inc. ("Roden") brought suit against appellee-defendant Donald V. Faulkner alleging he was liable under an individual personal guaranty as to payments due on account for certain electrical supplies purchased by Anvic International, Inc. ("Anvic"). To its complaint, Roden attached a copy of the credit application and personal guaranty on which it relies, a two-page document, the personal guaranty portion of which appears at page two. In his answer, Faulkner pleaded the violation of the statute of frauds as a complete defense for the failure of his guaranty to identify the principal debtor. Upon cross-motions for summary judgment, the state court found that "the guaranty at issue does not comply with the statute of frauds inasmuch as the guaranty agreement does not explicitly state who is the principal debtor." Roden appeals from the state court's grant of summary judgment to Faulkner and the contemporaneous denial of its own motion for summary judgment. *Held*:

1. In its first and second enumerations of error, Roden contends that the state court erred in granting summary judgment to Faulkner, arguing that Faulkner's personal guaranty was sufficient to identify Anvic as the principal debtor foreclosing any violation of the statute of frauds, *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460 (489 SE2d 568), to the contrary notwithstanding. OCGA § 13-5-30 (2). We disagree.

In support of its claims of error, Roden argues that Faulkner's personal guaranty sufficiently identifies Anvic as the principal debtor by reference — that is, by referring to the principal debtor as "the above business" in the text of the guaranty at page two of the credit application pointing to Anvic as the single business identified on page one. Roden does not indicate, however, that page one of the credit application does not identify Anvic as a principal debtor. Rather, it lists Anvic as the billable party only and identifies no principal debtor.

> [W]here a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law. *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982) (failure of document to state the identity of the entity whom guarantor agreed to indemnify is fatal). See *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992)[;] *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259, 260 (411 SE2d 87) (1991).

*Sysco Food Svcs. v. Coleman*, 227 Ga. App. at 461, supra. This is true "[e]ven where the intent of the parties is manifestly obvious. . . ." Id. Further, this Court is not authorized to determine the identity of the principal debtor by inference as this would entail consideration of impermissible parol evidence. See *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610). Neither may we construe the defect sub judice as in the nature of contractual ambiguity. Parol evidence is inadmissible to provide a description of that which is wholly omitted. *Builder's Supply Corp. v. Taylor*, 164 Ga. App. at 128, supra. Finally, Roden's effort to characterize *Sysco Food Svcs. v. Coleman*, 227 Ga. App. at 461, supra, as inapposite to this case fails for the letter written by Faulkner which it attaches as an exhibit to the affidavit supporting its motion for summary judgment is not germane. Inasmuch as the letter was written with a view to compromise, neither it nor that portion of the affidavit relying on it is admissible in evidence on motion for summary judgment or at trial. OCGA §§ 24-3-37; 9-11-56 (e); *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (2) (320 SE2d 824); *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 440 (4) (280 SE2d 842).

2. Roden last enumerates as error that the state court erred in granting Faulkner's cross-motion for summary judgment upon the claim that his guaranty violated the statute of frauds and in denying its motion for summary judgment, as opposed by Faulkner's cross-motion alone.

> The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). Further, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

*Clark v. Cauthen*, 239 Ga. App. 226, 227 (1) (520 SE2d 477). In light of our disposition of Division 1 and construing the evidence favorably to Roden de novo, id., we conclude that this claim of error is also without merit.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 1999 — 

*Krause & Hirons, Wayne A. Krause,* for appellant.
*Thomas P. Stamps,* for appellee.