## A00A1558. ROACH v. C. L. WIGINGTON ENTERPRISES, INC.
### (539 SE2d 543)

BARNES, Judge.

Douglas Roach appeals the trial court's grant of summary judgment to C. L. Wigington Enterprises, Inc. d/b/a General Supply Company ("GSC") on its suit against Roach on a personal guaranty. Finding no error, we affirm.

First Custom Builders signed two promissory notes in favor of GSC on September 22, 1997, one for $16,503.64, and one for $15,843.28. Each promissory note was two pages long, signed by First Custom Builders' general partner on each second page. The second half of the second pages of each note contained a "guaranty of payment" immediately following the general partner's signature, and these guaranties were signed by Roach and First Custom Builders' general partner.

GSC sued Roach on the personal guaranties, seeking the entire $16,503.64 on one note and $1,652.75 on the second note, plus ten

percent interest as the notes provided. GSC moved for summary judgment, and the trial court granted the motion, holding that "the 'Guaranty of Payment' incorporated the terms of the 'Promissory Note' by reference as 'set forth above.'"

Roach argues on appeal that the guaranties are invalid because they fail to identify the principal debtor. A promise to answer for the debt of another must be in writing and signed by the party making the guaranty. OCGA § 13-5-30 (2). To satisfy the Statute of Frauds, the guaranty must identify the debt, the promisee and the promisor. *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984).

> It is not necessary that the guaranty agreement contain in itself all of the requirements which the Statute of Frauds embraces. If the writing, therefore, refer to any other writing which can be identified completely by this reference, without the aid of parol evidence, then the two or more writings may constitute a compliance with the statute.

(Punctuation omitted.) Id. at 898-899 (2).

In the guaranties at issue here, Roach "unconditionally guarantee[d] the payment of the Promissory Note set forth above. . . ." The promissory note specified that the "undersigned," identified as "First Custom Builders" above the signature line, promised to pay specified sums to GSC.

> [T]he statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum or the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such references to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain.

(Punctuation omitted.) *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 482 (1) (445 SE2d 297) (1994). Unlike the situations in *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461 (489 SE2d 568) (1997), and *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992), the writing at issue here did not leave *blank* the name of the principal debtor, but specifically incorporated the terms of the promissory note which identified First Custom Builders as the debtor. The trial court did not err in granting summary judgment to GSC.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 18, 2000.

*Charles G. Harbin, Jr.*, for appellant.
*Jackel, Rainey, Marsh & Busch, James C. Busch, Richard A. Hull*, for appellee.