## A02A0654. FONTAINE v. GORDON CONTRACTORS BUILDING SUPPLY, INC.
### (567 SE2d 324)

MILLER, Judge.

In this action on an alleged guaranty of an account, Charles Fontaine, a defendant below and an alleged guarantor, appeals from both the grant of summary judgment against him awarding a money judgment and the denial of his motion for summary judgment against Gordon Contractors Building Supply, Inc., the plaintiff below. Fontaine contends that the controlling document fails to identify the principal debtor and that such failure is fatal to Gordon's claim. We agree and reverse both rulings.

The controlling — and only — document is an application form for credit from Gordon Contractors, which Fontaine signed on a blank calling for "Name of Guarantor." His signature followed immediately after a paragraph beginning, "[I]n consideration of the extension of credit by Gordon Building Supply Inc. the undersigned customer hereby agrees that the terms and conditions of all sales are as follows." There is also a blank following this paragraph for "Customer Name," and it is signed by a Robert Schlaefli, although it is unclear whether he signed it individually or as an agent. At the beginning of the application, the blank for "Name of INDIVIDUAL APPLYING" is filled in with both Fontaine's and Schlaefli's names, and the blank for "Name of COMPANY OR BUSINESS" bears the words "McIntyre Development, Inc." Finally, the blank for "NAMES OF PEOPLE AUTHORIZED TO PURCHASE" is filled in with Schlaefli's name and that of a Glen Bush.

Fontaine claims that the credit application violates the applicable portion of the Statute of Frauds, requiring a signed writing for enforceability of a promise to answer for the debt or default of another. OCGA § 13-5-30 (2). He contends that this is so because it fails to identify the principal debtor. If he is correct that the principal debtor is unidentified, that omission mandates reversal under a line of cases going back to 1982. *Roden Elec. Supply v. Faulkner*, 240 Ga. App. 556 (1) (524 SE2d 247) (1999); *Workman v. Sysco Food Svcs. &c.*,

236 Ga. App. 784-785 (513 SE2d 523) (1999); *Indus. Mechanical v. Siemens Energy &c.*, 230 Ga. App. 1, 2 (495 SE2d 103) (1997); *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461 (489 SE2d 568) (1997); *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992); *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259-260 (411 SE2d 87) (1991); *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982).

Gordon points out that the credit application "identifies the name of the company or business as 'McIntyre Development, Inc.'" In *Roden Elec.*, supra, 240 Ga. App. at 556 (1), however, the controlling document consisted of a credit application portion and a guaranty portion, neither of which stated the identity of the principal debtor, although the credit application portion showed a corporation as the "billable party" and the guaranty portion referred to "the above business." In appealing from the grant of summary judgment to the purported guarantor, the *Roden Elec.* creditor argued that the guaranty sufficiently identified the principal debtor for purposes of the Statute of Frauds. We affirmed, however, pointing out the necessity of explicit identification of the principal debtor:

> Where a guaranty omits the name of the principal debtor, it is unenforceable as a matter of law. This is true even where the intent of the parties is manifestly obvious. Further, this Court is not authorized to determine the identity of the principal debtor by inference as this would entail consideration of impermissible parol evidence. Neither may we construe the defect sub judice as in the nature of contractual ambiguity. Parol evidence is inadmissible to provide a description of that which is wholly omitted.

(Citations and punctuation omitted.) *Roden Elec.*, supra, 240 Ga. App. at 556-557 (1). Likewise, here there is no clear identification of the principal debtor.

Similarly, in *Coleman*, supra, 227 Ga. App. at 460, the "terms agreement" identified the "purchaser" by trade name of a corporation. On the guaranty form appearing below the terms agreement, however, "the name of the principal debtor (_____ 'Company') and [the] name of the person individually guaranteeing the indebtedness are left blank." Id. We affirmed the trial court's grant of summary judgment to the purported guarantor, again noting the necessity of explicit identification of the principal debtor:

> [W]here the name of the principal debtor is omitted from the document, the agreement is not enforceable because it fails to satisfy the statute of frauds. . . . [T]he contemporaneous

writing rule, even if applicable, would not authorize a different result. Although the "Terms Agreement" and "Individual Personal Guaranty" appear on the same paper, the two sections do not incorporate each other by reference or use the same terms. The terms agreement refers to "seller" . . . and "purchaser." . . . In contrast, the individual personal guaranty refers to "company" (unidentified, unnamed) and "seller." . . . The trial court correctly found that in order to determine the identity of the "company" debtor, it would have to make inferences and consider impermissible parol evidence. . . . Judicial construction of the contract of guaranty at issue is improper because this defect cannot be treated as an ambiguity.

(Citations omitted.) Id. at 461-462. We also noted "the statutory bar precluding the extension of a contract of guaranty by interpretation or implication (OCGA § 10-7-3)." Id. at 463. Here there is no other writing that could arguably invoke the contemporaneous writing rule.

Finally, Gordon points to Fontaine's admission in his deposition that he signed this document as guarantor "on behalf of McIntyre Development." A similar situation was presented in *Workman*, supra, 236 Ga. App. at 785, however, and there this Court held it was irrelevant that the purported guarantor testified that it was her intent to guarantee the debt. *Murray v. Pratt-Dudley Builders Supply Co.*, 176 Ga. App. 225 (335 SE2d 443) (1985), is distinguishable. See *Coleman*, supra, 227 Ga. App. at 462.

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 14, 2002.

*Olim & Loeb, Jay E. Loeb, David A. Webster*, for appellant.
*Weinstock & Scavo, Jeffrey P. Yashinsky, James F. Ledbetter*, for appellee.