## A03A0583. HARALSON v. JOHN DEERE COMPANY.
### (585 SE2d 711)

MILLER, Judge.

John Deere Company (JDC), a division of Deere & Company, sued Tommy H. Haralson, Sr. on a guaranty he signed for the debts of Farmers Supply Store, Inc. Moving for summary judgment, Haralson argued that the guaranty fell within the Statute of Frauds (OCGA § 13-5-30 (2)) and was unenforceable in that it failed to identify the promisor and the promisee sufficiently. JDC cross-moved for summary judgment on all claims, including the Statute of Frauds defense. Denying Haralson's motion and most of JDC's motion, the court granted JDC's motion in part and struck the Statute of Frauds defense. Haralson appeals. We hold that the guaranty did not sufficiently identify the promisor and therefore reverse.

The undisputed facts (for purposes of the summary judgment motions) show that Haralson executed a guaranty directed to "JOHN DEERE COMPANY — A DIVISION OF DEERE & COMPANY OR JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY." The guaranty provided:

> In consideration of your past and/or future extension of credit to FARMERS SUPPLY STORE, INC. DBA BIG BOYS EQUIPMENT OF LAGRANGE, GA 30240 its successors and assigns (hereinafter called "principal debtor"), for the financing of goods, wares, merchandise and services, the undersigned guarantor(s) hereby (jointly and severally if signed by two guarantors) unconditionally guarantee(s) payment of whatever sums said principal debtor shall at any time owe you or any company affiliated with you. . . .

Haralson illegibly signed the guaranty on a signature line over which the word "Guarantor(s)" was placed and under which the word "Name" was placed. Outside of his signature, Haralson's name appeared nowhere on the guaranty.

JDC sold a variety of supplies to Farmers Supply. When Farmers Supply failed to pay, JDC contacted Haralson, who paid JDC approximately $81,000 to stave off foreclosure temporarily. JDC eventually repossessed and sold most of the supplies and sued Haralson for the approximate $180,000 deficiency. Haralson defended on the ground that the guaranty was unenforceable under the Statute of Frauds. Haralson also counterclaimed against JDC, alleging among other things that JDC converted his interests as a subrogated joint security interest holder (arising out of his $81,000 payment) when it released certain security to another creditor.

Contending that the guaranty insufficiently identified the prom-

isor and the promisee (and was therefore unenforceable under the Statute of Frauds), Haralson moved for summary judgment on JDC's claims. JDC in turn cross-moved for summary judgment on all claims, including the Statute of Frauds defense. JDC also moved to dismiss the conversion count of Haralson's counterclaim. The court granted JDC summary judgment on the Statute of Frauds defense only and denied Haralson's and JDC's motions for summary judgment in all other respects. After Haralson appealed the order to this Court, the trial court granted JDC's motion to dismiss the conversion count of the counterclaim, which ruling Haralson also challenges in his appellate brief.

1. We cannot consider Haralson's enumeration that challenges the trial court's August 21, 2002 order dismissing the conversion count of the counterclaim because this order was entered after Haralson on July 22, 2002, filed the present appeal from the trial court's order on the summary judgment motions. *Holy Fellowship Church of God in Christ v. Greater Travelers Rest Baptist Church*, 236 Ga. App. 177, 179 (2) (511 SE2d 280) (1999). As stated in *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409 SE2d 686) (1991), "[a]n enumeration cannot be considered if the ruling that it complains of was entered subsequent to filing of the notice of appeal. Judgments cannot be considered on appeal if rendered subsequent to the judgment appealed from." (Citations and punctuation omitted.) Thus, we do not address the August 21, 2002 order dismissing the conversion count of the counterclaim.

2. Haralson's other two enumerations of error challenge the denial of his motion for summary judgment and the partial grant of JDC's motion for summary judgment. The issue is whether the guaranty sufficiently identified the promisor so as to be enforceable under the Statute of Frauds.

"A promise to answer for the debt of another, to be binding on the promisor, must be in writing and signed by the party to be charged therewith. OCGA § 13-5-30 (2)." *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984). To satisfy the Statute of Frauds, the writing relied upon as the guaranty must sufficiently identify the debt, the principal debtor, the promisee, and the promisor. Id.; *Roach v. C. L. Wigington Enterprises*, 246 Ga. App. 36, 37 (539 SE2d 543) (2000); see *Roden Elec. Supply v. Faulkner*, 240 Ga. App. 556 (1) (524 SE2d 247) (1999); *Johnson v. Rycroft*, 4 Ga. App. 547 (2) (a) (61 SE 1052) (1908). Where the guaranty omits the name of the principal debtor, of the promisee, or of the promisor, the guaranty is unenforceable as a matter of law. See *Roden Elec. Supply*, supra, 240 Ga. App. at 556 (1); *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461-463 (489 SE2d 568) (1997); *Schroeder*, supra, 172 Ga. App. at 898 (2). Even where the intent of the parties is manifestly

obvious, where any of these names is omitted from the document, the agreement is not enforceable because it fails to satisfy the Statute of Frauds. See generally *Roden Elec. Supply*, supra, 240 Ga. App. at 557 (1); *Sysco Food Svcs.*, supra, 227 Ga. App. at 461.

A court must strictly construe an alleged guaranty contract in favor of the guarantor. OCGA § 10-7-3; *Rohm & Haas Co. v. Gainesville Paint &c. Co.*, 225 Ga. App. 441, 444 (2) (b) (483 SE2d 888) (1997); *Arnold v. Indcon, L.P.*, 219 Ga. App. 813 (1) (466 SE2d 684) (1996); cf. OCGA § 10-7-1. The guarantor's liability may not be extended by implication or interpretation. OCGA § 10-7-3. Furthermore, "[p]arol evidence is not admissible to supply any missing essential elements of a contract required to be in writing by our statute of frauds. *Gatins v. NCR Corp.*, 180 Ga. App. 595, 597 (349 SE2d 818) (1986)." *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993). Thus, this Court is not authorized to determine the identity of the principal debtor, of the promisee, or of the promisor by inference as this would entail consideration of impermissible parol evidence. See *Fontaine v. Gordon Contractors Bldg. Supply*, 255 Ga. App. 839, 840 (567 SE2d 324) (2002); *Roden Elec. Supply*, supra, 240 Ga. App. at 557 (1). There must be clear and explicit identification of these three entities in the guaranty document or in a document expressly incorporated by reference in the guaranty document. *Fontaine*, supra, 255 Ga. App. at 840; see *Roach*, supra, 246 Ga. App. at 37; *Sysco Food Svcs.*, supra, 227 Ga. App. at 461.

The guaranty only refers to the promisor as the "undersigned," and nowhere in its preamble, in its text, nor near the signature line is the name of the promisor found. Haralson's illegible signature on the signature line under the word "Guarantor(s)" and above the word "Name" is the only identification of the promisor in the agreement. In *Sysco Food Svcs.*, supra, 227 Ga. App. at 461, this Court held (despite a contrary position taken in the dissenting opinion, 227 Ga. App. at 464) that the promisor's signature was alone insufficient to identify the promisor and thus concluded that the guaranty was invalid. Holding a similarly deficient guaranty unenforceable, we reaffirmed this position in *Workman v. Sysco Food Svcs. of Atlanta*, 236 Ga. App. 784, 785 (513 SE2d 523) (1999). Compare *Roach*, supra, 246 Ga. App. at 37 (" 'undersigned' " sufficiently identified as " 'First Custom Builders' " above the signature line).

Since the promisor was insufficiently identified in the guaranty, the trial court erred in denying Haralson's motion for summary judgment and in granting JDC's motion for summary judgment on the Statute of Frauds ground. Accordingly, we reverse the judgment and remand the case to the trial court to enter an order consistent with this opinion.

*Judgment reversed and case remanded. Ruffin, P. J., concurs specially and concurs in judgment only. Smith, C. J., concurs in judgment only.*

RUFFIN, Presiding Judge, concurring specially.

Although I concur in the result reached by the majority, I do not agree with all that is said in the opinion. In particular, I disagree with the majority's apparent conclusion in Division 2 that a signature can never sufficiently identify a guarantor in a guaranty agreement.

"To satisfy the Statute of Frauds, the guaranty must identify the debt, the promisee and the promisor."[1] And, as noted by the majority, "[w]hile parol evidence may be admitted to explain ambiguities in descriptions, it cannot be admitted to supply a description entirely omitted" from the guaranty.[2] Applying this rule, we have found a guaranty that omits the name of the principal debtor unenforceable as a matter of law.[3]

I view the illegible signature in this case as equivalent to a missing term. The agreement provides insufficient information regarding the guarantor — the promisor in this situation — and parol evidence cannot be admitted to supply the missing information.[4] Accordingly, the guaranty agreement does not adequately identify the promisor and violates the Statute of Frauds.

In addition, I question whether the agreement sufficiently identifies the promisees and the debts covered by the guaranty. Under the terms of the agreement, the guarantor must pay sums owed by the principal debtor to any company affiliated with John Deere Company or John Deere Industrial Equipment Company. The guaranty does not designate these "affiliates" or define what type of relationship brings a company within the guaranty. Given this broad, undefined language, I agree with the result reached by the majority.

Nevertheless, I cannot concur with the majority's determination that, as a matter of law, a guarantor can never be identified by a signature. This sweeping conclusion is not necessary to the issue at hand — whether the signature in this particular guaranty sufficiently identifies the promisor. Furthermore, the cases cited by the majority, *Sysco Food Svcs. v. Coleman*[5] and *Workman v. Sysco Food Svcs. of Atlanta*,[6] do not support the majority's proposition. In *Sysco*, this Court deemed a guaranty agreement unenforceable because the

---

[1] *Roach v. C. L. Wigington Enterprises*, 246 Ga. App. 36, 37 (539 SE2d 543) (2000).
[2] *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 462 (489 SE2d 568) (1997).
[3] See id. at 461.
[4] See id. at 462.
[5] Id.
[6] 236 Ga. App. 784 (513 SE2d 523) (1999).

agreement did not identify the principal debtor.[7] Although the Court also noted that the principal debtor's guarantor was identified only by signature, the analysis in *Sysco* does not rest on that fact. Similarly, the *Workman* decision, which found *Sysco* controlling, does not establish that a signature can never identify a guarantor.[8]

For these reasons, I concur in the judgment only.

DECIDED JULY 16, 2003 — 

*Kitchens, Kelley & Gaynes, Mark A. Kelley*, for appellant.
*Alston & Bird, Candace N. Smith, Paul J. Kaplan*, for appellee.

---

[7] See *Sysco*, supra at 461-463.
[8] See *Workman*, supra at 785-786.