S03G1726. JOHN DEERE COMPANY v. HARALSON.
(599 SE2d 164)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Haralson v. John Deere Co.,* 262 Ga. App. 385 (585 SE2d 711) (2003), to determine whether the Court of Appeals correctly held that a promisor on a guaranty cannot be sufficiently identified by his signature alone so that the guaranty is unenforceable under the statute of frauds. See OCGA § 13-5-30 (2). Finding that the Court of Appeals was incorrect, we reverse.

Tommy H. Haralson, Sr. ("Haralson") is the former owner of Farmers Supply Store, Inc. d/b/a Big Boys Equipment ("Farmers Supply") which sold equipment supplied by the John Deere Company ("John Deere"). In 1998, Haralson sold Farmers Supply to his daughter and son-in-law who continued to do business with John Deere

until Farmers Supply went out of business in December 2000. At that time, Farmers Supply had an outstanding debt to John Deere.

John Deere alleges Haralson signed a "John Deere Dealer Guaranty" on April 30, 1996, making himself personally liable for Farmers Supply's debts to John Deere. The guaranty was directed to "JOHN DEERE COMPANY — A DIVISION OF DEERE & COMPANY OR JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY." It identified the debt as John Deere's "past and/or future extension of credit" to the principal debtor, "FARMERS SUPPLY STORE, INC. DBA BIG BOYS EQUIPMENT of LAGRANGE, GA 30240." In the body of the guaranty, the guarantor is referred to as the "undersigned." Haralson's name is not typed anywhere on the guaranty; his allegedly illegible signature appears under the typed word "Guarantor(s)" and over the typed word "Name." His handwritten address follows.

After Haralson refused to pay Farmers Supply's debt, John Deere filed suit on the guaranty. Haralson filed an answer and a counterclaim, alleging that the guaranty was unenforceable under the statute of frauds, see OCGA § 13-5-30 (2), and seeking damages for conversion. He also averred that he had no recollection of signing the personal guaranty. In response, John Deere presented the affidavit of its employee, Eric M. Thomas, stating that he had witnessed Haralson sign the guaranty. John Deere moved to dismiss Haralson's counterclaim, and both parties filed motions for summary judgment. The trial court denied Haralson's motion for summary judgment and partially granted John Deere's motion for summary judgment, rejecting Haralson's statute of frauds defense. Haralson appealed the grant of partial summary judgment to John Deere, see OCGA § 9-11-56 (h), and the Court of Appeals reversed, holding that a signature alone does not sufficiently identify a guarantor so as to make a guaranty satisfy the statute of frauds. *Haralson*, supra at 387.[1]

The statute of frauds requires that a promise to answer for another's debt, to be binding on the promisor, "must be in writing and signed by the party to be charged therewith." OCGA § 13-5-30 (2). See *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984). This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee. *Schroeder*, 172 Ga. App. at 898 (2); *Roach v. C.L. Wigington Enterprises*, 246 Ga. App. 36, 37 (539 SE2d 543) (2000).

---

[1] The trial court granted John Deere's motion to dismiss Haralson's conversion claim after Haralson appealed to the Court of Appeals.

Haralson argues that a signed guaranty is incomplete and invalid if the guarantor's name is not displayed separately on the guaranty, in addition to appearing by way of the signature. But, there is no requirement that the writing must be of a certain type or form; even a completely handwritten guaranty is enforceable. See *Cohen v. Capco Sportswear*, 225 Ga. App. 211 (483 SE2d 634) (1997). In fact, it appears that the guaranty at issue in *Cohen* was not only handwritten, but that it, too, did not identify the guarantor except by signature. That opinion describes the guaranty as simply a signed, handwritten note on company letterhead that stated: "I am happy to personally guarantee our acct." Id. Thus, in *Cohen*, the signature alone satisfies the element of guarantor identification. There is no requirement for the separate identification that Haralson asserts must be present.[2]

Haralson relies upon *Workman v. Sysco Food Svcs.*, 236 Ga. App. 784 (513 SE2d 523) (1999) and *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460 (489 SE2d 568) (1997), for his contention that a separate identification is required. However, this reliance is misplaced. In *Workman* and *Coleman*, the names of both the principal debtor and the guarantor were omitted from the contracts. In both cases, the guaranties were unenforceable because the *principal debtor* was not identified; neither case was decided on any issue of the promisor being identified only by his signature. See also *Fontaine v. Gordon Contractors Building Supply*, 255 Ga. App. 839, 840 (567 SE2d 324) (2002), and *Roden Electrical Supply v. Faulkner*, 240 Ga. App. 556 (1) (524 SE2d 247) (1999), in which the principal debtor was not identified.

In this case, the Court of Appeals stated it could not allow parol evidence to supply a "missing essential element . . . required to be in writing," relying upon *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993). *Haralson,* supra at 387 (2). But, no such allowance is necessary because the essential written terms are not "missing" from this guaranty. Haralson's signature, together with the terms "undersigned" and "Guarantor(s)," identify him as the guarantor and satisfy the writing requirement of OCGA § 13-5-30 (2). Certainly, "[p]arol evidence is inadmissible to add to, take from, or vary a written contract." OCGA § 13-2-2 (1); see also OCGA § 24-6-1. But, in no way does parol evidence add anything to, take anything from, or vary any provision of the guaranty at issue; the signature remains in

---

[2] The purpose of the statute of frauds would not be served by a declaration that the promisor's signature cannot identify the promisor on the guaranty. The statute of frauds is "for the prevention of frauds and perjuries." *North & Co. v. Mendel & Brother*, 73 Ga. 400, 405 (1884). Any person who might forge a signature is capable of printing a name on the document as well.

the contract, unaltered. Parol evidence is introduced only when Haralson questions whether it is, in fact, his signature, and John Deere produces evidence that it is. Its introduction in this case does not alter the required elements, which are in this guaranty.[3]

*Judgment reversed. All the Justices concur.*

DECIDED JULY 12, 2004.

*Alston & Bird, Candace N. Smith, Paul J. Kaplan,* for appellant.
*Kitchens, Kelley & Gaynes, Mark A. Kelley, Key, McCain & Gordy, R. Michael Key,* for appellee.

---

[3] Similarly, the Court of Appeals' citation to OCGA § 10-7-3 for the proposition that the liability of a surety cannot be extended by implication or interpretation is misplaced; Haralson's liability is established by the terms of the guaranty, and is in no wise being extended.