No. 50.—RICHARD HENDERSON, plaintiff in error, *vs.* N. B. JOHNSON, defendant in error.

[1.] By the 4th section of the Statute of Frauds, the special promise to answer for the debt of another person, must not only be in writing, but also the *consideration* of the agreement; and parol evidence is not admissible to prove a consideration, *extrinsic* the written agreement.

Assumpsit, in Pike Superior Court. Tried before Judge FLOYD, August Term, 1848.

For the facts in this case, see the judgment of the Court.

A. R. MOORE, for plaintiff in error, cited and commented on the following authorities:

14 *Ves.* 190.   15 *Ves.* 286.   8 *John.* 29.   17 *Mass.* 122.   4 *Greenl. Rep.* 180.   6 *Cowen,* 81.   3 *Kent,* 121.   *Roberts on Frauds,* 117.   *Dane's Abr.* 253, 130.   6 *East,* 307.

MOORE & GLENN, for defendant in error, cited and commented on the following authorities:

*Chit. on Cont.* 499, *n.* 2, 507, *n.* 1, 517 *to* 519.   *Prince,* 915· *Wain vs. Warlters,* 2 *Smith's Lead. Cas.* 147.   *Sears vs. Brink,* 3 *John. Rep.* 209.   2 *Story Eq. Jur. p.* 62 *to* 75.

Henderson *vs.* Johnson.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record, and urged on the argument of this case, is as to the admissibility of parol evidence to show the *consideration* for which the instrument executed by the defendant, and set forth in the record, was made.

The plaintiff alleges, that one Jesse Johnson, who was the father of the defendant, made and delivered to him his promissory note, on the 11th day of December, 1841, whereby he promised to pay the plaintiff or bearer, on or before the twenty-fifth day of December, 1842, one hundred and sixty-eight dollars and seventy-five cents, for value received. The plaintiff also alleges, he was determined to sue the said Jesse Johnson, and to prevent him from removing from the State of Georgia, which he designed to do, and that the defendant, for the purpose and for the consideration of enabling the said Jesse Johnson to remove, and for the farther consideration of the plaintiff's forbearance to sue, and hold the said Jesse Johnson to bail on said debt, the said defendant, on the ninth day of December, 1844, undertook and promised to pay the plaintiff the sum of money specified in the note of the said Jesse Johnson, in a letter or note in writing, which is in the following words:

"I have agreed with Mr. Richard Henderson, for him to have the rent of the place whereon Jesse Johnson lives, until he gets the amount of a note he holds against said Jesse Johnson, amounting to some one hundred and seventy dollars; or if the said land is sold sooner, he is to have his amount out of the first of the sale of said land.

[Signed,] "NATHAN B. JOHNSON.-

"To Jno. Williams, Esq."

The plaintiff alleges that he did forbear to sue and to hold said Jesse Johnson to bail, but that the defendant has broken and violated his said agreement and undertaking, although he has rented the land for three years, and has sold the same for three hundred dollars, and refuses to pay the note of said Jesse Johnson. The defendant, by his plea, insists upon the Statute of Frauds.

Upon the trial of the cause, the plaintiff offered to prove, *extrinsic* of the written agreement, the *consideration* for which it was executed, as set forth in his declaration, which evidence was

rejected by the Court, and the plaintiff was non-suited; whereupon the plaintiff excepted, and now assigns the same for error here.

By the 4th section of the Statute of Frauds, it is declared, "No action shall be brought, whereby to charge the defendant, upon any special promise, to answer for the debt, default or miscarriages of another person, unless the *agreement* upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." *Prince*, 915. In *Wain vs. Warlters*, (5 *East's Rep.* 10,) it was held, that by the word *agreement* mentioned in the Statute, it must be understood the *consideration* for the promise, as well as the promise itself, and that if *extrinsic* parol evidence could be received to show the consideration of the written agreement, the very object of the Statute would be defeated. *Saunders vs. Wakefield*, 4 *Barnewall & Alderson*, 595. *Sears vs. Brink*, 3 *John. Rep.* 211. *Grant vs. Naylor*, 4 *Cranch's Rep.* 224.

We are aware that a different construction has been given to the Statute of Frauds in several of the State Courts of the Union—in some of them in consequence of a different wording of the Statute—but we prefer to adopt the English rule of construction, believing it to be a safe and sound exposition of the Statute of Frauds, both as it regards the letter and spirit of the Statute.

Let the judgment of the Court below be affirmed.