GUERDON WATERMAN *vs.* LORING J. MEIGS & another.

An agreement for the delivery of a quantity of planks for ship-building, at a future
time, and at a specified price, is a contract for the sale of goods, within the stat-
ute of frauds.

A letter from the purchaser to the vendor, alluding to a parol agreement for the
sale of goods, and inquiring whether they will be ready at the time agreed upon,
but not mentioning the quantity, quality, or price of the goods, or the time of
payment, is not a sufficient memorandum to take the agreement out of the statute
of frauds.

THIS was an action on the case, in which the plaintiff
declared that the defendants, at New Bedford, on the 1st day
of May, 1848, in consideration that the plaintiff, at their re-
quest, had bargained and sold to them five thousand feet of
plank, at the price of $127·50 a thousand, and had under-
taken to deliver the same plank to them at Rochester, then
and there promised the plaintiff to accept said plank, and to
pay him therefor the price aforesaid; and that the plaintiff
afterwards, on the 9th day of June, 1848, was at Rochester,
with the plank, ready and willing, and offered, to deliver the
same to the defendants, &c., &c.

At the trial before *Bigelow*, J., in the court of common
pleas, it was admitted, that the defendants were in partner-
ship in the business of ship-building; and the plaintiff intro-
duced evidence of verbal declarations and statements made
by the defendant Meigs in May, 1848, that he had bought of
42*

the plaintiff five thousand feet of plank at $127·50 a thousand, to be delivered at Mattapoisett, in the town of Rochester.   It also appeared that the plaintiff had the alleged quantity of plank at Mattapoisett, on the 9th of June, 1848, and offered to deliver it to Meigs, who refused to receive the plank, denying that he had purchased the same.   The plaintiff also proved, that the defendants commenced a suit against him, at the last term of the court of common pleas for the county of Plymouth, but it did not appear for what such suit was brought, further than that a witness testified, that Meigs told him, " that he had contracted with Waterman to deliver him a lot of plank, but it did not arrive in time, and he rejected it on that account; that the plaintiff threatened to make difficulty about it and sue them, but he meant to get the weather gage of plaintiff, and had sued him."

The plaintiff then gave in evidence a letter addressed to him, dated May 18th, 1848, and signed by the defendant Meigs alone, of which the following is a copy:  " Sir, having been expecting for some time the plank I bought of you when at Norwich, and not receiving, or hearing from them or you, I take the trouble to write you respecting them, as we shall be ready to use them in all next week ; please write immediately, and let me know if you can deliver them by the middle of next week.   Do not delay an answer one moment, as we shall positively want them and have to quit, unless they come to hand next week.   Send me the plank I bought, a good lot, (extra as the price.)   Yours, in haste."

The defendants contended, on this evidence, that there was no sufficient memorandum, or note in writing, of the contract relied on by the plaintiff, to take it out of the operation of the statute of frauds (Rev. Sts. c. 74,·§ 4) ; and the judge being of the opinion, that as there was no evidence of any acceptance or reception of the plank, or of any part of it, by the defendants, or of any thing being given in earnest, or in part payment, and that the letter offered by the plaintiff was not such a note or memorandum in writing as would take the case out of the operation of the statute, instructed the jury that on this evidence the plaintiff could not recover.

The jury thereupon returned a verdict for the defendants, and the plaintiff alleged exceptions.

*T. G. Coffin,* for the plaintiff. 1. The case is not within the statute. The contract to transport and deliver was executory; something remained to be done. *Cooper* v. *Elston,* 7 T. R. 14; *Rondeau* v. *Wyatt,* 2 H. Bl. 63; *Mixer* v. *Howarth,* 21 Pick. 205; *Kent* v. *Kent,* 18 Pick. 569. 2. The letter is a sufficient memorandum to take the case out of the statute. *Whitwell* v. *Wyer,* 11 Mass. 6; *Bradford* v. *Manley,* 13 Mass. 139; *Penniman* v. *Hartshorn,* 13 Mass. 87; *Gale* v. *Nixon,* 6 Cow. 445.

*J. H. Clifford,* for the defendants.

By THE COURT. The question, whether a contract is a contract to sell, or to make and deliver, is often a very difficult one to determine. See *Lamb* v. *Crafts,* 12 Met. 353, 356, and cases there cited. But the agreement in this case was clearly a contract to sell, within the statute. Such being the nature of the contract, is the paper relied on a sufficient memorandum to take the case out of the statute? No objection is made to its being signed by only one partner, it being a partnership concern. The statute requires " some note or memorandum in writing of the bargain." This letter alludes to plank bought, and to be delivered; but it does not state any one of the elements of a contract, price, quantity, quality, time, place, or any thing to inform us what the nature of the contract was; and is clearly not a sufficient memorandum. The case of *Morton* v. *Dean,* 13 Met. 385, in which the memorandum relied on was held not to be sufficient, was a stronger case for the plaintiffs than the present.

*Exceptions overruled.*