## A10A0825. DABBS v. KEY EQUIPMENT FINANCE, INC.

(694 SE2d 161)

BLACKBURN, Presiding Judge.

In this action to collect on a guaranty, alleged guarantor Pamela Dabbs appeals the order granting summary judgment to alleged promisee Key Equipment Finance, Inc. ("Key Equipment") and denying summary judgment to her. She argues that the guaranty in question omitted several critical elements, including the identification of the debt, of the principal debtor, and of the promisee. We agree, rejecting Key Equipment's argument that the lease allegedly being guaranteed supplied those missing elements, since we note that that lease was not attached to the guaranty at the time it was executed. Thus, that lease could only be connected as a contemporaneous writing with the guaranty if the court were to consider parol evidence to exclude two similar leases executed at the same time. Because the court should have granted summary judgment to Dabbs, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

The evidence here is undisputed. On June 20, 2005, Dabbs's employer executed a preprinted lease agreement, which in the appropriate box identified the equipment being leased. In the owner box, the lease identified Key Equipment as the owner of the equipment, with the blanks for payments being filled in to obligate the employer to make 51 monthly payments of $2,473.20 to Key Equipment ("Lease No. 1"). That same day, Dabbs's employer executed a second, identical preprinted lease referring to the same equipment and again identifying Key Equipment as the owner of the equipment but obligating the employer to make 51 monthly payments of $2,732.85 to Key Equipment ("Lease No. 2"). Ten days later on June 30, Dabbs's employer executed a third identical preprinted lease, again referring to the same equipment but this time identifying CIT Technology Financing Services, Inc. as the owner and obligating the employer to make 51 payments of $2,732.85 to CIT ("Lease No. 3"). All three leases on the front page had a separate identical paragraph setting forth a guaranty of the lease obligation, which paragraph had its own separate signature line for a guarantor to sign. None of these three guaranty

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997).

paragraphs was signed. At least two of the leases had the same second page identifying additional terms and conditions, including a paragraph 14 that related to the employer's consenting to the jurisdiction of a certain court.

On the same day that Lease No. 3 was executed (June 30), Dabbs's employer presented her with a single-page document that was created by making three photocopies of the guaranty paragraph from the preprinted lease form. This document was not attached to nor accompanied by any of the three leases.[2] Although the document had at its top a blank preceded by the typewritten language "Lease #," that blank was not filled in so as to identify the lease. Because the president of her employer told Dabbs that it was necessary for her, him, and another employee to sign the guaranties so the company could obtain some equipment, she signed the guaranty that day, not having seen any of the leases and not knowing to which lease it pertained. The other two signed their respective guaranty paragraphs also. Each guaranty paragraph read:

> As additional inducement for us to enter into the Agreement, the undersigned ("you") unconditionally, jointly and severally, personally guarantees that the customer will make all payments and meet all obligations required under this Agreement and any supplements fully and promptly. You agree that we may make other arrangements including compromise or settlement with the customer and you waive all defenses and notice of those changes and will remain responsible for the payment and obligations of this Agreement. We do not have to notify you if the customer is in default. If the customer defaults, you will immediately pay in accordance with the default provisions of the Agreement all sums due under the terms of the Agreement and will perform all the obligations of the Agreement. If it is necessary for us to proceed legally to enforce this guaranty,

---

[2] Dabbs specifically testified that the single-page guaranty document was not attached to any lease or other documents, and Key Equipment's OCGA § 9-11-30 (b) (6) representative did not dispute this testimony. Indeed, the lease agreement attached to the complaint as that being sued upon showed that its first page with all the boxes and blanks filled in was faxed as page 1 of 1 on July 14, 2005, its second page setting forth additional terms and conditions was faxed as page 4 of 37 on July 5, 2005, and the alleged third page of the agreement consisting of the three executed guaranties had no fax date and did not appear to have been faxed. Key Equipment's OCGA § 9-11-30 (b) (6) representative conceded that the three pages must have been compiled and attached together later as a single document. Even an affidavit submitted by Key Equipment from another employee did not purport to state that the three pages were attached as a single document when Dabbs executed her guaranty, and Key Equipment mistakenly submitted yet a different second page to the lease when it filed its First Amended Complaint that again purported to attach the lease being sued upon.

you expressly consent to the jurisdiction of the court set out in paragraph 14 and agree to pay all costs, including attorneys fees incurred by enforcement of this guaranty. It is not necessary for us to proceed first against the customer before enforcing this guaranty. By signing this guaranty, you authorize us to obtain personal credit bureau reports for credit and collection purposes.

In March 2007, the employer ceased making the payments required by Lease No. 1, and Key Equipment instituted the present action against Dabbs and the other two guarantors (who are not parties to this appeal) to collect on the guaranty, claiming that the guaranty pertained to the obligations set forth in Lease No. 1. Key Equipment and Dabbs both moved for summary judgment, and the court ruled in favor of Key Equipment, granting its motion for summary judgment and denying Dabbs's motion. Dabbs appeals.

The statute of frauds requires that a promise to answer for another's debt, to be binding on the promisor, "must be in writing and signed by the party to be charged therewith." This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee.

(Citations omitted.) *John Deere Co. v. Haralson*.[3] See *Johnson v. Rycroft*.[4] Where the guaranty omits the name of the principal debtor, of the promisee, or of the promisor, the guaranty is unenforceable as a matter of law. See *Roden Electrical Supply v. Faulkner*;[5] *Sysco Food Svcs. v. Coleman*;[6] *Schroeder v. Hunter Douglas, Inc.*[7] Even where the intent of the parties is manifestly obvious, where any of these names is omitted from the document, the agreement is not enforceable because it fails to satisfy the statute of frauds. See generally *Roden Electrical Supply*, supra, 240 Ga. App. at 557 (1); *Sysco Food Svcs.*, supra, 227 Ga. App. at 461.

Moreover, a court must strictly construe an alleged guaranty contract in favor of the guarantor. *Caves v. Columbus Bank & Trust Co.*[8] The guarantor's liability may not be extended by implication or

[3] *John Deere Co. v. Haralson*, 278 Ga. 192, 193 (599 SE2d 164) (2004).

[4] *Johnson v. Rycroft*, 4 Ga. App. 547, 547 (2) (a) (61 SE 1052) (1908).

[5] *Roden Electrical Supply v. Faulkner*, 240 Ga. App. 556, 556 (1) (524 SE2d 247) (1999).

[6] *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461 (489 SE2d 568) (1997).

[7] *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984).

[8] *Caves v. Columbus Bank & Trust Co.*, 264 Ga. App. 107, 114-115 (3) (b) (589 SE2d 670) (2003).

interpretation. OCGA § 10-7-3. And "[p]arol evidence is not admissible to supply any missing essential elements of a contract required to be in writing by our statute of frauds. *Gatins v. NCR Corp.*"[9] *Sawyer v. Roberts.*[10] Thus, this Court is not authorized to determine the identity of the principal debtor, of the promisee, or of the promisor by inference as this would entail consideration of impermissible parol evidence. See *Fontaine v. Gordon Contractors Bldg. Supply;*[11] *Roden Electrical Supply*, supra, 240 Ga. App. at 557 (1).

Here, the single-page guaranty, executed by Dabbs and attached to no other documents at the time, failed to identify the debt, the principal debtor, or the promisee. The guaranty referred only to the "Agreement" as the debt, which "Agreement" is not defined, described, or identified. The principal debtor is referred to only as the "customer," with no further clue as to who that "customer" may be. The promisee is referred to as "we" or "us," with no identification of that entity or entities. Accordingly, the guaranty fails to comply with the statute of frauds and is unenforceable. See *Sysco Food Svcs.*, supra, 227 Ga. App. at 462. Compare *Capital Color Printing v. Ahern*[12] (guaranty identified three separate entities in the box for principal debtor; guaranty enforceable because principal debtor or debtors were identified and parol evidence was admissible to explain ambiguity).

Key Equipment nevertheless maintains that the lease itself provided the missing elements of the guaranty, and that therefore, as a contemporaneous document, the lease should have been construed in conjunction with the guaranty to provide those elements. Under the circumstances of this case, this argument is flawed.

It is true that OCGA § 24-6-3 (a) provides that "[a]ll contemporaneous writings shall be admissible to explain each other." Based on this statute, *Baker v. Jellibeans, Inc.*[13] held "that as long as all the necessary terms are contained in signed contemporaneous writings, the statutory requirements and purpose of the Statute of Frauds have been met, whether or not the writings are cross-referenced." See *C.L.D.F., Inc. v. The Aramore, LLC;*[14] *L. Henry Enterprises v. Verifone, Inc.*[15] Contrary to the argument of Dabbs, "[t]he statute does not restrict this particular subsection to admit contemporane-

---

[9] *Gatins v. NCR Corp.*, 180 Ga. App. 595, 597 (349 SE2d 818) (1986).

[10] *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993).

[11] *Fontaine v. Gordon Contractors Bldg. Supply*, 255 Ga. App. 839, 840 (567 SE2d 324) (2002).

[12] *Capital Color Printing v. Ahern*, 291 Ga. App. 101, 102, 105 (1) (661 SE2d 578) (2008).

[13] *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (1) (314 SE2d 874) (1984).

[14] *C.L.D.F., Inc. v. The Aramore, LLC*, 290 Ga. App. 271, 273 (1) (659 SE2d 695) (2008).

[15] *L. Henry Enterprises v. Verifone, Inc.*, 273 Ga. App. 195, 198 (2) (614 SE2d 841) (2005).

ous documents only if there is an ambiguity in the documents." *Duke v. KHD Deutz of America Corp.*[16] See *Harris v. Distinctive Builders.*[17] ("OCGA § 24-6-3 (a) does not restrict this particular subsection to admit contemporaneous documents only if there is an ambiguity in the documents") (punctuation omitted). However, the evidence must show that "the guaranty agreement was executed at the same time *and in the course of the same transaction* as the [second writing]" in order to allow the writings to be construed together. (Punctuation omitted; emphasis supplied.) *Duke*, supra, 221 Ga. App. at 453. See *Martinez v. DaVita, Inc.*[18] ("[u]nder Georgia rules of contract construction, where multiple documents are executed at the same time in the course of a single transaction, they should be construed together. OCGA § 24-6-3 (a)"); *Quintanilla v. Rathur*[19] ("when instruments are executed at the same time in the course of a single transaction, they should be read and construed together").

Here, Lease No. 1 and the guaranty met the first prong in that they were executed at the same time as such as been construed by our Court. See *Clark v. Peck*[20] (documents need only be "reasonably contemporaneous"). Interpreting the language of OCGA § 24-6-3 (a) (formerly Ga. Code Ann. § 38-502), *Manry v. Hendricks*[21] reasoned:

> "Contemporaneous" means, literally, according to Webster, "living, existing, or occurring at the same time," but numerous authorities could be cited to the effect that the word does not connote perfect or absolute coincidence in point of time. One thing is contemporaneous with a given transaction when it is so related in point of time as reasonably to be said to be a part of such transaction. Thus in *[The] Marietta Savings Bank v. Janes*,[22] a letter under date of April 18, 1877, from a subsequent payee of a note to the maker was held to be admissible as part of the contract involving a promissory note executed under date of May 8, 1877, in pursuance of the letter.

Based on this analysis, which concluded that documents executed 20 days apart in the course of the same transaction were sufficiently contemporaneous, *Manry* held that documents executed by the

---

[16] *Duke v. KHD Deutz of America Corp.*, 221 Ga. App. 452, 452 (471 SE2d 537) (1996).

[17] *Harris v. Distinctive Builders*, 249 Ga. App. 686, 688 (1) (549 SE2d 496) (2001).

[18] *Martinez v. DaVita, Inc.*, 266 Ga. App. 723, 727 (598 SE2d 334) (2004).

[19] *Quintanilla v. Rathur*, 227 Ga. App. 788, 790 (1) (490 SE2d 471) (1997).

[20] *Clark v. Peck*, 134 Ga. App. 868, 870 (2) (216 SE2d 687) (1975).

[21] *Manry v. Hendricks*, 66 Ga. App. 442, 453 (18 SE2d 97) (1941).

[22] *The Marietta Savings Bank v. Janes*, 66 Ga. 286, 289 (1) (1881).

promisor a week apart, which were in the course of the same transaction, were sufficiently contemporaneous. Id. Thus, the 10-day interval between the execution of Lease No. 1 and Dabbs's guaranty would be sufficiently contemporaneous if executed in the course of the same transaction.

But it is this second requirement — that the documents be executed in the course of the same transaction — which Key Equipment cannot show by the documents themselves. Rather, in light of the execution of two additional leases at this same time, which leases also pertained to the same equipment being leased by Dabbs's employer but at a different price or from a different owner, Key Equipment has necessarily resorted to parol evidence to link Lease No. 1 to Dabbs's guaranty as opposed to the other two leases. Indeed, Lease No. 3 (unlike Lease No. 1) was executed *on the same later date* as Dabbs's guaranty, which would seem to link that lease more closely to Dabbs's guaranty. Also, two weeks later, Key Equipment executed a document indicating the lease payment amount was $2,732.85, which is the amount of Lease No. 2 and Lease No. 3. And even Key Equipment's parol evidence is inconsistent, as Key Equipment's OCGA § 9-11-30 (b) (6) representative testified that it was possible that Dabbs's guaranty pertained to one of the other two leases.

In any case, where the statute of frauds is applicable, a party may not rely on parol evidence to establish that the documents were executed in the course of the same transaction. As stated in *Peacock v. Horne*[23] (involving the statute of frauds in that a party sought to sue on a contract for the sale of land (see OCGA § 13-5-30 (4)),

> [w]here several writings are relied on to evidence the sale of land or of standing timber thereon which is a part of the land, and parol evidence is necessary to connect and explain such writings in order to constitute the contract of sale, such writings will not satisfy the statute of frauds. *They can not be correlated and connected by parol evidence.*

(Emphasis supplied.) See *Turner v. Lorillard Co.*[24] ("[i]f, however, two writings are relied upon to satisfy the statute [of frauds] and parol evidence is necessary to connect them with each other, then they would fail as a compliance with the statute"); *Lester v. Heidt*[25] ("parol evidence is incompetent to supply the connecting link

---

[23] *Peacock v. Horne*, 159 Ga. 707, 721 (1) (126 SE 813) (1925).

[24] *Turner v. Lorillard Co.*, 100 Ga. 645, 650-651 (2) (28 SE 383) (1897).

[25] *Lester v. Heidt*, 86 Ga. 226, 228 (12 SE 214) (1890).

between two writings"). *Smith v. Jones*[26] went so far as to state that "[i]f the parol testimony could show [the connection between the documents], away would go the statute [of frauds], and it had as well be admitted to show the whole contract." See *Stonecypher v. Ga. Power Co.*[27] (where statute of frauds applies, "different writings could not be correlated and connected by parol testimony").

In the present case, where two other leases were executed by Dabbs's employer either on the same date as Lease No. 1 or on the same date as Dabbs's guaranty, and where no lease accompanied the guaranty executed by Dabbs, parol evidence was essential to establish which lease was being guaranteed. Compare *C.L.D.F.*, supra, 290 Ga. App. at 273 (1) (at the time of execution, guaranty was physically attached to the lease as an exhibit and expressly made a part thereof). The second prong of establishing that the documents were executed in the course of the same transaction could not be shown because parol evidence was incompetent in this statute of frauds case to establish such, thus making the contemporaneous-writing rule inapplicable so as to read Lease No. 1 and Dabbs's guaranty together. Absent the information contained in the lease, the required identifications of the debt, the principal debtor, and the promisee were missing, and the guaranty was unenforceable.

For these reasons, the trial court should have granted summary judgment to Dabbs and denied summary judgment to Key Equipment. It erred in doing the opposite. Accordingly, we reverse.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 7, 2010.

*Raley & Sandifer, G. Brian Raley*, for appellant.
*Alston & Bird, Christopher A. Riley, Lisa K. Bojko*, for appellee.

---

[26] *Smith v. Jones*, 66 Ga. 338, 342-343 (1) (1881).
[27] *Stonecypher v. Ga. Power Co.*, 183 Ga. 498, 504 (2) (189 SE 13) (1936).
[1] OCGA § 16-13-30 (a).
[2] OCGA § 16-13-30 (j) (1).
[3] OCGA §§ 16-13-28 (a) (1); 16-13-30 (a).