A11A1460. HONG INVESTMENTS, LLC v. SARSFIELD.

(717 SE2d 679)

SMITH, Presiding Judge.

Following a bench trial, Hong Investments, LLC ("Hong") appeals from the trial court's judgment finding unenforceable a personal guaranty signed by Michael Sarsfield. Because the trial court erred in its conclusion, we reverse.

"The trial court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Citations and punctuation omitted.) *Slaick v. Arnold*, 307 Ga. App. 410 (705 SE2d 206) (2010). Applying this standard here, the record reveals that Hong entered into a lease agreement with TDC-Berkeley Lake, LLC d/b/a Three Dollar Café ("Three Dollar Café") dated November 27, 2007, in which Hong was listed as the landlord and Three Dollar Café as the tenant. Sarsfield signed the lease as manager of the tenant under the printed name "TDC-Berkeley Lake, LLC d/b/a Three Dollar Café, a Georgia limited liability company." Although there is no date shown for Sarsfield's execution of the lease, Hong signed it on November 27, 2007. On November 28, 2007, Sarsfield signed a personal guaranty agreeing to pay the "Landlord" rent in the event that the "Tenant" defaulted on the "Lease." The guaranty did not identify the "Landlord," "Tenant," or "Lease."

When Three Dollar Café defaulted on the lease, Hong attempted to recover unpaid rent pursuant to the personal guaranty signed by Sarsfield. During a bench trial on the matter, Sarsfield admitted signing both the lease and the guaranty, and stated that the only issue he disputed was the amount owed to Hong. The trial court, in entering judgment in favor of Sarsfield, found that "the personal guaranty is unenforceable as it fails to identify the principal debtor or sufficiently identify the party whose debt is being guaranteed." It

is from this order that Hong appeals.

> The statute of frauds requires that a promise to answer for the debt of another, in order to be binding on the promisor, must be in writing and signed by the party to be charged therewith. This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee. Even where the intent of the parties is manifestly obvious, where any of these names is omitted from the document, the agreement is not enforceable because it fails to satisfy the statute of frauds.

(Citations and punctuation omitted.) *LaFarge Bldg. Materials v. Pratt*, 307 Ga. App. 767, 768-769 (706 SE2d 131) (2011); see *Dabbs v. Key Equip. Finance*, 303 Ga. App. 570, 572 (694 SE2d 161) (2010); see also OCGA § 13-5-30 (2). But OCGA § 24-6-3 (a) provides: "All contemporaneous writings shall be admissible to explain each other." And "as long as all the necessary terms are contained in signed contemporaneous writings, the statutory requirements and purpose of the Statute of Frauds have been met, whether or not the writings are cross-referenced." (Citations, punctuation and footnotes omitted.) *Dabbs*, supra, 303 Ga. App. at 573.

Here, although neither the lease nor the guaranty makes reference to the other, the guaranty and lease were both signed by Sarsfield,[1] both were notarized by the same party, and the guaranty was executed one day after the lease was dated and executed by Hong. This evidence was sufficient to show that the documents are sufficiently contemporaneous. See *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (1) (314 SE2d 874) (1984) (three documents executed on same day contemporaneous although they do not refer to each other); see also *Dabbs*, supra, 303 Ga. App. at 574-575 (ten-day interval between lease and guaranty sufficiently contemporaneous). And the record reveals that the documents were also executed in the course of the same transaction, which Sarsfield acknowledges. Compare *Dabbs*, supra, 303 Ga. App. at 575. Attached to Hong's complaint is "Exhibit A" which contains a copy of the lease and exhibits to the lease all sequentially numbered on the first page of each exhibit, and at the bench trial these documents were submitted as "Plaintiff's Exhibit 3." The guaranty is labeled as an exhibit and sequentially numbered on page 17 of the lease. See *C.L.D.F., Inc. v. The Aramore, LLC*, 290 Ga. App. 271, 273 (1) (659 SE2d 695) (2008)

---

[1] The date Sarsfield signed the lease is unknown.

(guaranty attached as exhibit to lease).

Because the lease and guaranty were contemporaneous writings made within the course of the same transaction, the statute of frauds is satisfied. The trial court therefore erred in concluding that the guaranty was unenforceable.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 14, 2011.

*Emory A. Schwall*, for appellant.
Michael P. Sarsfield, *pro se.*