**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 4, 2015**

# In the Court of Appeals of Georgia

A13A2160. HOUSE HASSON HARDWARE COMPANY, INC. v.
LAWSON'S HOME CENTER, INC. et al.

DILLARD, Judge.

House Hasson Hardware Company, Inc. ("House Hasson") sued Lawson's Home Center, Inc. ("LHC") and its principals, Richard Lawson and Scott Lawson, alleging that LHC defaulted on a promissory note and that the Lawsons were personally liable for that note based on a written guaranty. After the parties filed cross-motions for summary judgment, the trial court granted House Hasson's motion on its claim that LHC was liable for the debt but denied it as to the Lawsons, and granted the Lawsons' motion on the ground that the personal guaranty did not satisfy the Statute of Frauds. House Hasson appealed, arguing that the trial court erred in finding that the personal guaranty was unenforceable.

In an unpublished opinion issued on February 26, 2014, this Court affirmed the trial court's judgment, holding that our prior precedents in this area of law—including *Thompson v. LaFarge Building Materials, Inc.*[1]—"dictate[d] the result in this case"—*i.e.*, our conclusion that the personal guaranty did not identify the principal debtor with sufficient specificity to satisfy the Statute of Frauds.[2] But on October 20, 2014, the Supreme Court of Georgia granted House Hasson's petition for *certiorari*, vacated our judgment, and remanded the case to this Court for reconsideration[3] in light of its recent decision in *LaFarge Building Materials, Inc. v. Thompson*.[4] In that decision, the Supreme Court held that a personal guaranty, which incorporated the subject credit application and described the party whose debt was guaranteed as the

---

[1] 323 Ga. App. 276, 280 (746 SE2d 908) (2013).

[2] *House Hasson Hardware Company, Inc. v. Lawson's Home Center, Inc.*, Case No. A13A2160 at 7-8 (decided February 26, 2014) (unpublished opinion) ("We reach the foregoing conclusion fully cognizant that our Supreme Court recently granted a petition for *certiorari* in *LaFarge Building Materials, Inc. v. Thompson* . . . to address whether this Court erred in "holding that the guaranty agreement at issue here did not identify the principal debtor with sufficient specificity to satisfy the Statute of Frauds[.] Nevertheless, for the time being, the applicable precedents in this area of law dictate the result in this case.").

[3] *See House Hasson Hardware Co., Inc. v. Lawson's Home Center, Inc.*, Case No. S14C0976 (October 20, 2014).

[4] 295 Ga. 637 (763 SE2d 444) (2014).

2

"applicant," sufficiently identified the principal debtor to satisfy the Statute of Frauds.[5] And given this decision, we conclude that the personal guaranty at issue here likewise sufficiently identified the principal debtor. Thus, we reverse the trial court's grant of summary judgment in favor of the Lawsons as to the enforceability of the personal guaranty and its denial of summary judgment to House Hasson as to this same issue.

At the outset of our analysis, we note that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6] If summary judgment is granted by a trial court, it enjoys no presumption of correctness on appeal, "and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met."[7] Indeed, in our *de novo* review of a trial court's grant of a motion for summary judgment, we are charged with "viewing the evidence,

---

[5] *See id.* at 641 (2).

[6] OCGA § 9-11-56 (c).

[7] *Cowart v. Widner*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

3

and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant."[8]

So viewed, the record shows that on October 18, 1996, LHC completed a credit application with House Hasson. At the top of the form, a line designated for the "Individual, Partners, or Corporate Name" was left blank, but just below, a line designated for the "Trade Name or Business Name" indicated "Lawson's Home Center, Inc." The bottom of the form contains a paragraph that reads as follows:

> The undersigned, jointly and individually, guarantee any and all debts, direct or indirect, contingent or otherwise, whether now existing or hereafter incurred, of the above Applicant to House Hasson Hardware (HHH). This guaranty will continue in full force and effect until revocation in writing by the undersigned. Such revocation shall not release the undersigned from any liability owed prior to receipt by HHH of such revocation notice. The undersigned expressly waives notice of acceptance of the guaranty, diligence, presentment, demand for payment, any right to require proceedings first against Applicant, protest or notices of any kind.

Below this paragraph, Scott Lawson and Richard Lawson signed on lines above their printed names, which were designated for guarantors.

---

[8] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted).

On April 15, 2010, LHC executed a promissory note for $64,814.40 in favor of House Hasson. But less than two years later, LHC defaulted on the note, and, subsequently, House Hasson filed a lawsuit against LHC and the Lawsons, seeking the amount due, interest, and attorney fees. Shortly after LHC and the Lawsons filed an answer, House Hasson moved for summary judgment, arguing that both LHC and the Lawsons were liable for the debt. Then, following LHC and the Lawsons' separate responses, the trial court issued an order granting summary judgment in favor of House Hasson as to its claim against LHC but denying it as to its claim against the Lawsons on the ground that the guaranty did not satisfy the Statute of Frauds.

House Hasson, thereafter, filed a motion for reconsideration, which the trial court denied. And a few months later, the Lawsons filed their own motion for summary judgment, arguing that they could not be held personally liable for the debt because the guaranty was unenforceable as a matter of law. House Hasson responded, but the trial court granted summary judgment in favor of the Lawsons. This appeal follows.

House Hasson contends that the trial court erred in denying its motion for summary judgment and granting the Lawsons' motion for same. Specifically, it

5

argues that the court erred in concluding that the personal guaranty contained in the credit application was unenforceable as a matter of law because it did not comply with the Statute of Frauds. As noted *supra*, given the Supreme Court's recent decision in *LaFarge Building Materials, Inc. v. Thompson*, we agree and, therefore, reverse the trial court's judgment.

As we have previously explained "under the Statute of Frauds and cases applying the Statute, a promise to answer for another's debt is only enforceable against the promisor if it identifies the debt, the principal debtor, the promisor, and the promisee."[9] Indeed, it is well settled that a guaranty must "identify the principal debtor *by name*."[10] And where a guaranty omits the name of the principal debtor, of the promisee, or of the promisor, "the guaranty is unenforceable as a matter of law."[11] In fact, even where the intent of the parties is manifestly obvious, "where any of these

---

[9] *Legacy Communities Group, Inc. v. Branch Banking & Trust Co.*, 316 Ga. App. 496, 497 (729 SE2d 612) (2012); *see also Tampa Investment Group v. Branch Banking & Trust Co.*, 290 Ga. 724, 728 (2) (723 SE2d 674) (2012); *John Deere Co. v. Haralson*, 278 Ga. 192, 193 (599 SE2d 164) (2004); OCGA § 13-5-30 (2).

[10] *Legacy*, 316 Ga. App. at 497; *see also Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982).

[11] *Legacy*, 316 Ga. App. at 498 (punctuation omitted); *see also Dabbs v. Key Equip. Finance*, 303 Ga. App. 570, 572 (694 SE2d 161) (2010).

names [are] omitted from the document, the agreement is not enforceable because it fails to satisfy the Statute of Frauds."[12]

Furthermore, a court must "strictly construe an alleged guaranty contract in favor of the guarantor,"[13] and "the guarantor's liability may not be extended by implication or interpretation."[14] In addition, parol evidence is not admissible to "supply any missing essential elements of a contract required to be in writing by our Statute of Frauds."[15] Consequently, this Court is not at liberty to determine "the identity of the principal debtor, of the promisee, or of the promisor by inference as this would entail consideration of impermissible parol evidence."[16]

---

[12] *Legacy*, 316 Ga. App. at 498 (punctuation omitted); *see also Dabbs*, 303 Ga. App. at 572.

[13] *Legacy*, 316 Ga. App. at 498 (punctuation omitted); *see also Dabbs*, 303 Ga. App. at 572; *Caves v. Columbus Bank & Trust Co.*, 264 Ga. App. 107, 114 (589 SE2d 670) (2003).

[14] *Legacy*, 316 Ga. App. at 498 (punctuation omitted); *see also Dabbs*, 303 Ga. App. at 572-573; OCGA § 10-7-3.

[15] *Legacy*, 316 Ga. App. at 498 (punctuation omitted); *see also Dabbs*, 303 Ga. App. at 573.

[16] *Legacy*, 316 Ga. App. at 498 (punctuation omitted); *see also Dabbs*, 303 Ga. App. at 573.

That being said, here, the guaranty included at the bottom of the same page as the credit application, which was clearly completed by Lawson's Home Center, Inc., identifies the principal debtor by referring to "the above Applicant." And it is appropriate to define the term used to "identify the principal debtor in the guaranty here—'Applicant'—using its usual and common signification."[17] Indeed, to understand a contract, we must "read and understand the words used in the contract[, and] unless the contract indicates otherwise, we generally accept that contractual terms carry their ordinary meanings."[18] Of course, "applicant" is ordinarily defined as "[o]ne who applies or makes request."[19] Thus, when read in conjunction with the incorporated application, and with the word "applicant" bearing its usual and common meaning, the guaranty here identifies Lawson's Home Center, Inc. as "the party applying for credit, which plainly makes that company the 'Applicant' and therefore the principal debtor."[20] Given these circumstances, the trial court erred in

---

[17] *Thompson*, 295 Ga. at 640 (2).

[18] *Id.* (punctuation omitted).

[19] The Compact Oxford English Dictionary 64 (2d ed. 1991); *see also Thompson*, 295 Ga. at 640 (2).

[20] *Thompson*, 295 Ga. at 641 (2).

8

denying House Hasson's motion for summary judgment and in granting summary judgment in favor of the Lawsons as to the enforceability of the personal guaranty.[21] Accordingly, we reverse those judgments.

*Judgment reversed. Andrews, P. J., and McMillian, J., concur.*

---

[21] *See id.* at 640-41 (2); *Capitol Color Printing, Inc. v. Ahern*, 291 Ga. App. 101, 105-06 (1) (661 SE2d 578) (2008) (holding that personal guaranty was enforceable because principal debtor was identified as "customer" on designated line in credit application, guaranty referenced customer as purchaser, and defendants admitted in discovery responses that principal debtor was the "customer" to whom plaintiff was extending credit).